Argued February 28, affirmed May 8, 1978

TUCKER et al, *Respondents,*

*v.*

JACK ENSLEY COMPANY, *Petitioner.*

(WCB Case Nos. 76-2450 and 76-4151, CA 9453)

578 P2d 3

R. Kenney Roberts, Portland, argued the cause for petitioner. On the brief was Jones, Lang, Klein, Wolf & Smith, Portland.

Carl H. Brumund, Salem, argued the cause and filed the brief for respondent Rex J. Tucker.

Lester R. Huntsinger, Associate Counsel, State Accident Insurance Fund, Salem, argued the cause for respondent State Accident Insurance Fund. With him on the brief were K. R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund, Salem.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

ROBERTS, J.

**ROBERTS, J.**

The question is whether claimant suffered a new injury and is therefore entitled to compensation under ORS 656.005(8)(a), or if an aggravation of an earlier compensated injury has occurred giving rise to a claim under ORS 656.273(1).[1]

This court has dealt with this problem on several different occasions. *See, e.g., Minnesota Mining and Manufacturing Co. v. SAIF,* 27 Or App 747, 556 P2d 1379 (1976); *Smith v. Ed's Pancake House,* 27 Or App 361, 556 P2d 158 (1976).

The cases raising the issue of aggravation versus new injury generally present only fact questions. That is the situation here.

For reasons stated in *Bowman v. Oregon Transfer Co.,* 33 Or App 241, 576 P2d 27 (1978), opinions setting out factual disputes and enunciating the reason for our decision are of little value to bench and bar. Aggravation versus new injury cases involving fact questions will henceforth be dealt with in the manner described in *Bowman, supra.*

Affirmed.

---

[1] ORS 656.273(1) provides:

"(1) After the last award or arrangement of compensation, an injured worker is entitled to additional compensation, including medical services, for worsened conditions resulting from the original injury."