ANDRUS, *Respondent,*
*v.*
HOMER WAINWRIGHT LOGGING CO.,
*Petitioner.*
(WCB No. 76-7114, CA 9636)

581 P2d 126

R. Kenney Roberts, Portland, argued the cause for petitioner. On the brief were Daryll E. Klein, and Jones, Lang, Klein, Wolf & Smith, Portland.

John C. DeWenter, Springfield, argued the cause for respondent. With him on the brief was Ackerman & DeWenter, Springfield.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

JOHNSON, J.

## JOHNSON, J.

This is an appeal by the employer from the order of the Workers' Compensation Board (Board) finding that claimant suffered a compensable injury on July 21, 1976. The issue is whether claimant's back condition was an aggravation of a previous injury, or a second injury.

Claimant suffered an industrial back injury on May 5, 1967. The claim was initially closed in 1971. Claimant, however, continued to experience pain in the low back and leg regions and an aggravation claim was filed. On June 28, 1973, a stipulation order was entered giving claimant a permanent partial disability award of 70%. Since that time, claimant has held a variety of jobs, some of which involved heavy manual labor. Since his 1967 injury, his medical history has been marked by continuing complaints of leg, arm and back pain, and headaches. He has consistently taken pain medication.

Claimant began work with the employer/petitioner, a logging contractor, on July 20, 1976 as a rigging slinger (choker setter). The next day he fell down into a pile of spruce boughs. There is a direct conflict in the testimony as to whether this incident constituted an industrial accident causing injury. Claimant testified that he fell 6 or 7 feet, that for a few seconds he experienced severe pain, and that during that evening his condition substantially deteriorated. He further testified that although he suffers the same symptoms as he had before July 21, 1976, they are now worse. His testimony was corroborated by his wife. A fellow employee testified that "[claimant] kind of tripped more or less, and rolled over * * * got up and walked over towards us * * * laughing and more embarrassed than anything * * *." The employee estimated that the distance of claimant's fall could not have been more than two or three feet.

Claimant continued to work the day of the accident and the next day. He then quit. According to the

[ 327 ]

employer, his expressed reason for quitting was blisters on his feet. The employer, whose testimony was corroborated by his wife, testified that sometime later claimant informed him that it was not fair that the employer be held liable because claimant had not been injured while working on that job.

On July 23, 1976, claimant called his doctor, an orthopedist who had been treating claimant since his 1967 injury, complaining that his feet were swollen and that he was having increased pain. On August 6, 1976, claimant saw his doctor. According to claimant's testimony, he advised the doctor in some detail concerning his latest accident. From his examination, the doctor diagnosed "severe, recurrent low back strain," and claimant was hospitalized from August 7 through August 18, 1976. The hospital records indicate only that claimant experienced recurrent lumbosacral pain due to an accident which occurred nine years ago. There is no mention in the hospital history of any new traumatic incident. Claimant's doctor's report states in pertinent part:

"I next saw him on August 6, 1976. He tried to go back to work in the woods to do rigging. He lasted three days. He developed severe pain down his legs and arms. The days he worked in the woods were July 19 to July 21, 1976. He hurt severely *without new injury.* He was working for a Mr. Wainwright at Bay City.

"As he reports to me on August 6, 1976, he states that he hurts severely in his low back and legs.

"* * * * *.

"It is my impression that this man has severe, recurrent low back strain.

"I have admitted him to St. Vincent Hospital for conservative treatment. I ask that his claim be reopened for compensation and medical care on an aggravation basis." (Emphasis supplied.)

The referee, whose opinion was adopted by the Board, found claimant to be credible, and thus by implication found that the other witnesses were not credible. The referee explains away the apparent

conflict between the doctor's report and claimant's testimony as a mistake by the doctor. It would be equally plausible to conclude that either claimant did not tell the doctor about his fall on July 21 because he did not consider it an injury, or the doctor was aware of the incident but did not feel it had any medical significance with respect to plaintiff's condition. The doctor, who had been plaintiff's treating physician for nine years, was not called as a witness. The burden of proof was upon claimant to show that there was a new injury and he failed to carry that burden.

Reversed.

**ROBERTS, J.,** dissenting.

I cannot accept the majority analysis. The evidence indicates, and the referee and the Workers' Compensation Board found, that claimant suffered a new injury on July 21, 1976.

Although our review is de novo on the record, substantial weight is given the referee on matters of credibility. *Miller v. Granite Construction Co.,* 28 Or App 473, 559 P2d 944 (1977); *Fredrickson v. Grandma Cookie Co.,* 13 Or App 334, 337-38, 509 P2d 1213 (1973); *Etchison v. SAIF,* 8 Or App 395, 494 P2d 455 (1972); *Bailey v. Morrison-Knudsen,* 5 Or App 592, 597, 485 P2d 1254 (1971). In this case, the referee stated several times that claimant and his wife were credible witnesses. Contrary to the majority's opinion statement, the referee also found claimant's fellow employe's testimony credible:

"OPINION AND ORDER
"* * * * *

"* * * There is some dispute between the testimony of claimant and Swann [claimant's co-employe] as to the distance of the fall and whether claimant in fact ended up on the ground or not. Claimant says it was some six to seven feet and that he first landed on some boughs and then through onto the ground. Witness Swann says claimant fell only three feet onto some spruce boughs.

[ 329 ]

Neither claimant nor Swann measured the distance involved, and both are testifying some eight to nine months after the event in question, so it is impossible to tell which estimation is more correct, especially as I assessed both as being credible witnesses. There is no question, however, about the fact that claimant did suffer the fall. * * *

"* * * * * *"

As the referee points out, there is no question that claimant did suffer a fall while working for employer. The majority accepts this but holds that claimant failed to show that the fall caused new injury. The majority bases this conclusion on the fact that claimant suffered the same symptoms after the fall as before and the fact that claimant's doctor did not note claimant's fall as a cause of his increased injury.

The majority is incorrect in stating that claimant's symptoms after the fall were the same as before. Claimant testified that he had never experienced swelling in his feet until the night after the incident. Claimant's wife corroborated this testimony stating that claimant's new and increased symptoms began to manifest themselves on the night of the fall. As to claimant's wife's testimony, the referee stated:

"OPINION AND ORDER
"* * * * *

"* * * The testimony of Mrs. Andrus regarding what she observed about claimant when he came home from work on July 21 and July 22 is quite credible and descriptive. * * *

"* * * * * *"

With this testimony alone it would be possible to find a causal relationship between the fall and the increased injury. No expert evidence is necessary if the injury is such that a layman could infer that the accident caused the injury. *Uris v. State Compensation Department,* 247 Or 420, 427 P2d 753, 430 P2d 861 (1967).

In this case, there is no expert testimony that claimant's increased disability was caused by his fall. The doctor's report, set out in the majority opinion, did not mention the fall. The referee dealt with the doctor's report as follows:

"OPINION AND ORDER

"* * * * *

"* * * Both Mr. and Mrs. Andrus, whom I find to be credible witnesses, testify that claimant did tell Dr. Cherry about the falling incident while doing rigging work in the woods. As noted above, claimant did suffer a fall as he testified. To explain Dr. Cherry's statement, I must assume either that (1) claimant did tell the doctor of the fall as he and his wife related and the doctor is incorrect, or (2) claimant did fall, but was not in fact hurt and so did not tell the doctor about the matter. *Based upon the fact that I find both claimant and his wife to be credible witnesses, I find that No. (1) is the proper conclusion to reach.* Dr. Cherry's opinion that this case constituted an aggravation is a medical conclusion and not a legal one. * * * (Emphasis supplied.)

"* * * * *."

Claimant introduced substantial evidence to indicate that he did suffer a new injury by his fall of July 21, 1976. It was shown that the fall did in fact occur and coincided with the onset of claimant's new and increased symptoms. Claimant called his doctor for an appointment on the day he became unable to work [two days after the fall], although he had only seen that doctor twice in the last four years.

Claimant's physical condition, which had been steadily improving, was markedly worse upon examination after the fall. Claimant had been able to bend to touch the floor approximately one month prior to the fall but after the fall could only bend to reach past his knees. Claimant was hospitalized on the day after he was examined.

In deciding aggravation versus new injury cases, this court has frequently looked to 4 A. Larson, Workmen's Compensation Law, 17-71, § 95.12 (1978),

and the "last injurious exposure rule." *Tucker v. Jack Ensley Company,* 34 Or App 335, 578 P2d 3 (1978). Larson states:

> "* * * [I]f the second incident contributes independently to the injury, the second insurer is solely liable, even if the injury would have been much less severe in the absence of the prior condition, and even if the prior injury contributed the major part to the final condition." 4 A. Larson, *supra* at 17-75 to -78.

In this case, claimant's evidence is sufficient to support the conclusion that his fall of July 21, 1976 contributed independently to his increased disability. Under the accepted rule, claimant has shown a new injury and should be awarded compensation from employer.

I respectfully dissent.