Argued and submitted April 21, affirmed June 30, 1980

In the Matter of the Compensation of
GALE,
*Petitioner,*
*v.*
HERFY'S CORPORATION,
*Respondent.*

(WCB No. 76-6215, CA 15504)

613 P2d 108

Robert Sacks, Portland, argued the cause for petitioner. On the brief were William B. Aitchison, and Jolles, Sokol & Bernstein, P.C., Portland.

Keith D. Skelton, Portland, argued the cause and filed the brief for respondent.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

JOSEPH, P.J.

**JOSEPH, P.J.**

The issue in this Workers' Compensation case is whether claimant sustained a compensable injury. The referee concluded that claimant had failed to establish that his back injury resulted from work-related activity and denied compensability. The Board concurred in the denial "based solely upon claimant's failure to meet his burden of proving that he had suffered a compensable injury." Claimant appeals. We cannot say after a *de novo* review of the record that claimant has carried his burden of proof of compensability, and we affirm the Board's order of denial.

Claimant, a 34-year-old maintenance man formerly employed by Herfy's restaurant, testified that on March 1, 1974, in the course of repairing a chain-link fence, he injured his back. He stated that while he was carrying a 90 lb. bag of cement, a gust of wind struck him and twisted him sideways, causing an injury in his lower back. The manager of the restaurant testified that he remembered claimant complaining of back pains. Claimant stated that at the time of the injury he had immediate sharp pains in his back and that he was bedridden for the next few days.

The following Monday, March 4, claimant saw Dr. Wagner, and on March 8 he visited Dr. Voelker. Neither doctor recorded that claimant was having back trouble, nor was he treated for a back problem. He complained only of abdominal pain and was treated for that ailment. On March 11, claimant was treated for his back by Dr. MacHaffie, who diagnosed a muscle strain, spasm and hematoma in claimant's lower left back, recommended heat treatments and hot baths, and prescribed a muscle relaxant. Claimant continued the treatment from Dr. MacHaffie and other physicians, including treatment for psychological problems caused by the back injury. However, the other physicians who treated claimant were unable to find objective signs of any back injury.

Whether claimant proved a compensable injury is a question of fact turning largely in this instance on his truthfulness. The referee found that he was not credible because of the many discrepancies and inconsistencies in his testimony, and the Board concurred.

On his original claim form, filed March 16, 1974, claimant stated that he had sustained a back strain on February 28, 1974, from "unloading pipe and 100 lb. cement bags. Also use of sledge hammer and shovel." At the hearing, beginning in August, 1977, claimant testified that the injury occurred on March 1, 1974, when he was carrying cement into a warehouse and was struck by 80 m.p.h. winds, which caused him to twist his back. While claimant testified that he had an immediate onset of symptoms confining him to bed, his visits to two doctors the following week did not concern an injury to his back. Both doctors reported that claimant was complaining of abdominal pain and that they were not aware of a back problem. Other doctors were not able to diagnose with objective data claimant's complaints of back pain. The referee placed little emphasis on Dr. MacHaffie's report because it was based in large measure on information furnished by claimant.

The referee concluded:

"*** Although claimant may have had some back pain while working on or about March 1, 1974, an injury is not compensable unless it occasions loss of time from work or medical expenses. There is evidence claimant lost some time from work prior to his resignation on April 4, 1974, but the probability that this was necessitated by his back injury is not as strong as the probability that it was occasioned by his abdominal complaints. There is no persuasive evidence his back complaints on March 11, 1974 are related to any event on March 1, 1974."

Where credibility of claimant is the crucial issue, we give considerable weight to the conclusions of the referee. *Moore v. U.S. Plywood Corp.,* 1 Or App 343, 462 P2d 453 (1969). The referee had the opportunity of

seeing and hearing the witnesses, particularly the claimant. Although we are not bound by his findings, *Etchison v. SAIF,* 8 Or App 395, 494 P2d 455 (1972), they are persuasive. We adopt his determination that claimant failed in his proof.

Affirmed.