444 So.2d 368 (1984)
Julie MILLER
v.
McRAE'S, INC., et al.
No. 54050.
Supreme Court of Mississippi.
January 18, 1984.
*369 George W. Murphy, Parlin & Murphy, Ocean Springs, for appellant.
John M. Kinard, Linda D. Baggett, Megehee, Brown, Williams & Mestayer, Pascagoula, for appellee.
Before BROOM, P.J., and ROY NOBLE LEE and DAN M. LEE, JJ.
DAN M. LEE, Justice, for the Court:
This is an appeal from the Circuit Court of Jackson County wherein the circuit judge entered an order dismissing the appellant's declaration against the appellee. From that dismissal without prejudice the appellant, Julie Miller, brings this appeal and assigns as error the trial court's opinion, that the Workmen's Compensation Act is her exclusive remedy for an alleged false imprisonment by her employer. We reverse.
On December 9, 1981, Julie Miller filed a declaration in the Circuit Court of Jackson County against McRae's Inc. and Jamal El-Amin. The declaration alleged that on the 2nd day of October, 1981, Julie Miller was employed at McRae's. When she arrived at work that day she was asked to come to the store office where Jamal El-Amin, the head of McRae's Security Department, began questioning her concerning an amount of money missing from her department. The declaration further alleged that Miller was falsely imprisoned in the store office and that an implied threat of force prohibited her from using the telephone or having freedom of movement. Miller asserted that this conduct on the part of McRae's and El-Amin was willful and malicious. The declaration further states that as a result of the false imprisonment Miller suffered great humiliation, loss of reputation and physical illness. The declaration asserted that she was entitled to $300,000 actual damages and $500,000 punitive damages.
McRae's filed an answer denying the essential elements of the allegations of false imprisonment. Subsequently McRae's amended their answer to assert as an affirmative defense that the Mississippi Workmen's Compensation Act was the exclusive remedy available to Ms. Miller. Shortly after the amended answer was filed McRae's filed a motion to dismiss based on the affirmative defense. On a *370 hearing on this motion the circuit judge held:
If there are any injuries, under the particular facts of this case, I think that it is covered under Workmen's Compensation and that the plaintiff's claim should be limited under the Mississippi Workmen's Compensation Law, and so hold ...
Upon these facts the sole question presented on this appeal is whether the Mississippi Workmen's Compensation Act is the exclusive remedy for an employee who alleges that she has been falsely imprisoned by her employer. We begin this inquiry by reviewing the history and purpose of Workmen's Compensation. In 1949, Mississippi became the last state to adopt a system of Workmen's Compensation. This type of legislation is generally viewed as a compromise between the interest of labor and business. Because of the exclusive nature of the remedy labor surrenders the right to assert a common law tort action along with the attendant possibility of achieving punitive damages. In exchange it receives assurance that an award is forthcoming. Industry surrenders its three major common law defenses: contributory negligence, assumption of risk, and the fellow servant rule. In exchange it receives the knowledge that there will be no outrageously large judgments awarded to injured employees. The entire system was designed to insure that those injured as a result of their employment would not be reduced to a penniless state and thereby become dependent on some form of governmental public assistance.
Of great importance to the case at bar are two sections of the Mississippi Workmen's Compensation Act. Section 71-3-9 makes it clear that the legislature intended for the Workmen's Compensation Act to be the exclusive remedy available to an employee whose injuries fall within the purview of the Act.
The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next-of-kin, and anyone otherwise entitled to recover damages at common law or otherwise from such employer on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or his legal representative in case death results from the injury, may elect to claim compensation under this chapter, or to maintain an action at law for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by the negligence of a fellow servant, nor that the employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee.
To determine what injuries are compensable under the Act, reference is appropriately made to § 71-3-3(b) Miss. Code Ann. (1983):
(b) "Injury" means accidental injury or accidental death arising out of and in the course of employment, and includes injuries to artificial members, and also includes an injury caused by the willful act of a third person directed against an employee because of his employment while so employed and working on the job, and disability or death due to exposure to ionizing radiation from any process in employment involving the use of or direct contact with radium or radioactive substances with the use of or direct exposure to roentgen (X-rays) or ionizing radiation. In radiation cases only, the date of disablement shall be treated as the date of the accident. Occupational diseases, or the aggravation thereof, are excluded from the term "injury," provided that, except as otherwise specified, all provisions of this chapter apply equally to occupational diseases as well as injury.
Obviously, any injuries sustained as the result of a false imprisonment are not the result of an accident, but rather from a willful act. It therefore becomes important to review the phrase in § 71-3-3(b) "and also includes an injury caused by the willful *371 act of a third person directed against an employee because of his employment while so employed and working on the job... ." While the term "third person" is not defined by this Code section, we interpret it to mean either a stranger to the employer-employee relationship[1] or fellow employee acting outside the scope and course of his employment. However, where an injury is caused by the willful act of an employee acting in the course and scope of his employment and in the furtherance of his employer's business, the Workmen's Compensation Act is not the exclusive remedy available to the injured party. This is the same conclusion reached by other courts. In a case with facts similar to the one now at bar, the Georgia Court of Appeals held that the exclusivity of that state's worker's compensation act does not apply to actions for false imprisonment. The Court there held that an action for false imprisonment arises out of acts which are allegedly willful and malicious and that such acts are not compensable under the Georgia scheme of worker's compensation. Smith v. Rich's, Inc., 104 Ga. App. 883, 123 S.E.2d 316 (1961).
As previously mentioned, it was never the intention of the Workmen's Compensation Act to bar an employee from pursuing a common law remedy for an injury that is the result of a willful and malicious act.
Three past decisions of this Court must be examined in order that the meaning of today's holding may be understood. In Brown v. Estess, 374 So.2d 241 (Miss. 1979), Curtis Brown, father of the deceased employee, George Brown, brought an action against the individual members of the board of directors of the Madison County Cooperative and its general manager, N.S. Estess, alleging that their negligence was the proximate cause of the death of his son. George Brown had suffocated in a soybean bin while in the course of his employment at Madison County Cooperative. Upon those facts we held that where the negligence of an employer, fellow employee, or corporate officer was the proximate cause of an employee's injuries the exclusive remedy was under the Workmen's Compensation Act. In Taylor v. United States Fidelity & Guaranty Co., 420 So.2d 564 (Miss. 1982), this Court refused to allow a separate tort action against the compensation carrier and its representatives based on allegations of bad faith and malicious refusal to pay benefits.
Both Brown and Taylor are distinguishable from the case at bar. In Brown, the plaintiff brought his action on a theory of negligence, not on an allegation of a willful or malicious act. In Taylor the plaintiff was merely seeking compensation due him under the Act. As the Act provides a specific penalty for bad faith refusal to pay, the Act was the exclusive remedy available to Taylor.
The third case we must address is not easily distinguished. In Rico v. Precision Engineering and Mfg. Co., 381 So.2d 170 (Miss. 1980), this Court held that the Workmen's Compensation Act provides the exclusive remedy for an employee who asserts a claim of trespass against his employer. In Rico the plaintiff was a machinist who failed to show for work one day. His employer needed copies of the blue prints of the job on which Rico was working so the Vice-President of the company broke into Rico's tool box to obtain them. Rico filed suit against his employer based on trespass to chattels and alleged that he had developed severe and disabling mental and emotional instability as the result of the Vice-President's breaking into his tool box. We held:
We are of the opinion that the injury, if any, did arise out of and in the course of his (Rico's) employment and that his sole *372 and exclusive remedy is under the provisions of the Mississippi Workmen's Compensation Act.
381 So.2d at 172.
The failure of the Rico decision was that it ignored the code's definition of "injury" and looked only to whether the injury arose out of and in the course of Rico's employment. Where exclusivity of remedy is involved one must ask not only whether the injury arose out of and in the course of employment, but also, whether the injury is compensable under the Workmen's Compensation Act. Obviously, if the injury is not compensable under the Act, the Act does not provide the exclusive remedy.[2] As the Rico decision failed to make this critical step in the analysis of an assertion of exclusivity we hereby expressly overrule it.
Based on the foregoing, we hold that Julie Miller's claim of false imprisonment is not barred by the exclusivity of the remedies available under the Workmen's Compensation Act. Therefore, we reverse the decision of the trial court in dismissing her claim and hereby remand for proceedings consistent with this opinion.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and ROY NOBLE LEE, BOWLING, HAWKINS, PRATHER and ROBERTSON, JJ., concur.
NOTES
[1] See Big "2" Engine Rebuilders v. Freeman, 379 So.2d 888 (Miss. 1980), where we held that a route salesman who stopped to assist an apparently disabled motorist and who was rendered permanently and totally disabled when the motorist struck him with a gun was entitled to workmen's compensation. In accord, Williams v. Munford, Inc., 683 F.2d 938 (C.A.5 1982), wherein a convenience store clerk who was raped in the course of a store robbery was held to be limited to the remedies under the Act.
[2] See Moore v. Federal Dept. Stores, Inc., 33 Mich. App. 556, 190 N.W.2d 262, 46 A.L.R.3d 1275 (1971). In Moore the Michigan Court of Appeals held that the type of injuries a plaintiff sustains as the result of a false imprisonment (humiliation, embarrassment and deprivation of personal liberty) were not compensable under the Michigan Worker's Compensation Act. The Court then held that in order to prevent the suffering of a wrong without a remedy, it must allow a common law tort action.