**James Keith MULLINS,
Plaintiff-Appellant,**

v.

**BIGLANE OPERATING
COMPANY, Defendant,**

**Oil Well Services and Supply Co., Inc.,
Defendant-Appellee.**

No. 85–4275.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 17, 1985.

Nicholas Van Wiser, Biloxi, Miss., for plaintiff-appellant.

Randall G. Long, Natie P. Caraway, Jackson, Miss., for defendant-appellee.

Before POLITZ, GARWOOD and E. GRADY JOLLY, Circuit Judges.

E. GRADY JOLLY, Circuit Judge.

In this diversity-based appeal from a Fed.R.Civ.P. 12(b)(6) dismissal of his tort action against his employer, Oil Well Services and Supply Co., Inc., the appellant James Mullins claims that he fits into a judicially created exception to the exclusive remedy provision of the Mississippi Workers' Compensation Act, Miss.Code Ann. § 71–3–9 (1982). Because we find that Mullins' workplace injury did not arise from a willful act but was the result of an accident compensable under the Act, we affirm.

In evaluating the sufficiency of the complaint in response to a Rule 12(b)(6) motion for dismissal, we follow the rule established by the Supreme Court that a complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 102, 2 L.Ed.2d 80 (1957); *Wood v. Combustion Engineering,* 643 F.2d 339, 347 (5th Cir.1981); *Robinson v. Price,* 553 F.2d 918, 919 (5th Cir.1977).

I.

James Mullins was employed as a derrick hand by Oil Well Services and Supply Company, Inc. (OWSSC), which had contracted with Biglane Operating Company to perform workover operations on an oil well in southwest Mississippi. While working on a drilling rig in the course of his employment, Mullins fell seventy-five feet and was rendered a permanent paraplegic. He had been working without a safety belt, and now alleges that although he had "specifically requested a safety belt or safety lanyard[,] OWSSC consistently and [un]equivocally refused to comply with

this request." The substantive issue raised is whether the incident that produced Mullins' injury was a "willful act of an employee acting in the course and scope of his employment and in the furtherance of his employer's business," *Miller v. McRae's, Inc.*, 444 So.2d 368, 371 (Miss.1984), so as to remove Mullins from the exclusive remedy provision of the Mississippi Workers' Compensation Act (Act), and allow him to sue his employer in tort. Mullins alleges that an injury which results from the intentional withholding of safety equipment from an employee is not an accidental "injury"[1] and therefore is not compensable under the Act.

Mullins had originally sued only Biglane, but after the Mississippi Supreme Court decided *Miller*, he amended his complaint to add OWSSC as a defendant. The district court granted OWSSC's Rule 12(b)(6) motion for failure to state a claim upon which relief may be granted and entered judgment under Fed.R.Civ.P. 54(b). It is from that order which Mullins now appeals.

## II.

The Mississippi Workers' Compensation Act was enacted in 1948 in order to provide an assured recovery to injured employees and their dependents. *Stanley v. McLendon*, 220 Miss. 192, 70 So.2d 323 (1954). With the advent of workers' compensation, the Mississippi worker gained the right to make a claim for a job-related injury regardless of fault, but lost the right to sue his employer in a civil tort action. Although there are certain situations where the Act does not apply, and certain classes of people who are not under its coverage,[2] section 71-3-9 provides that workers' compensation is the exclusive remedy of those who are covered.[3] Recently, however, in response to a perceived need and in accordance with a nationwide trend, the Mississippi Supreme Court has carved out a narrow exception to this exclusiveness of remedy provision. As this is a diversity-based case, we are bound by the Mississippi court's pronouncements and its analysis of the relevant statute.

The court held in *Miller* that an employee of McRae's department store who was held and questioned by McRae's security guards on a charge of shoplifting was not barred by the Act from asserting a cause of action against McRae's for false imprisonment.[4] Miller had been prohibited by the head of security from using the telephone or from leaving the security office. The court agreed with her that these facts indicated a willful act, not an accidental injury, and that she was therefore not limited to a workers' compensation recovery. The court identified two circumstances that must be present before an aggrieved employee is exempt from the exclusivity provision:

(1) The injury must have been caused by the willful act of another employee acting in the course of employment and in the furtherance of the employer's business, and,

(2) The injury must be one that is not compensable under the Act.

*Miller*, 444 So.2d at 371–72.

Applying these two criteria from Mississippi state law to the facts before us, we

---

1. Miss.Code Ann. § 71-3-3(b) (1982) provides in relevant part:
   (b) "Injury" means accidental injury or accidental death arising out of and in the course of employment ... and also includes an injury caused by the willful act of a third person directed against an employee because of his employment while so employed and working on the job....

2. *See* Miss.Code Ann. § 71-3-5 (1982).

3. Section 71-3-9 provides in relevant part:
   The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next-of-kin, and anyone otherwise entitled to recover damages at common law or otherwise from such employer on account of such injury or death....

4. Although it appears that the statute can be interpreted to provide that Miller's injuries would be compensable under the provision of the Act which includes "an injury caused by the willful act of a third person directed against an employee because of his employment while so employed and working on the job," § 71-3-3(b), pursuant to the *Erie* doctrine, we follow the Mississippi court's analysis.

first find that Mullins' fall was not the result of a willful act of an OWSSC employee. "Willful act" here refers to a deliberate act that causes the injury of another. It requires an act of intentional behavior designed to bring about the injury. An allegation of negligent acts said to have been committed by one's co-employees in the discharge of their job duties will not suffice. *Reese v. Liberty Mutual Insurance Co.,* 473 F.Supp. 456 (N.D.Miss.1979). Because the legal justification for allowing any common law action against the employer is that the injury is *nonaccidental,* the common law tort liability should not be stretched to include *accidental* injuries, even ones which allegedly could have been prevented through greater diligence and care being taken by the employer. 2A Larson, *The Law of Workmen's Compensation* § 68.13, at 13–8 (1983). We agree with the district court that it is not within our province as a federal court to expand the judicially created exception to the Mississippi Act's exclusive remedy provision.

To allow the plaintiff's claim here would be to expand the exception created by the Mississippi Supreme Court in *Miller.* In *Miller,* the allegation was of the intentional tort of false imprisonment. The *Miller* plaintiff was deliberately and intentionally held against her will. Mullins, however, makes no allegation that he was intentionally pushed from the rig by an OWSSC employee. He alleges instead that OWSSC was so negligent that in effect it knowingly and willfully allowed the physical conditions that permitted the accident to occur. We note, however, that Mullins' own statement in the pleadings is that he "slipped and fell," acknowledging the accidental nature of the incident that produced his injury. The incident fits into the Act's definition of "injury"; it resulted from the employee's accident, not from a willful act of the employer.

Continuing the analysis required by *Miller,* we find that the injury of which Mullins complains is compensable under the Act. The statute provides that an injury is compensable if it is an accidental injury arising out of and in the course of one's employment. Miss.Code Ann. § 71–3–3(b). Mullins' injury did arise out of and in the course of his employment because he was on the job, performing his assigned duties, when he fell. We have already decided that Mullins' injury was the result of an accident. When we add the fact that the injury arose out of and in the course of Mullins' employment, the inescapable conclusion is that Mullins' injury is compensable under the Act. The case is distinguishable on its face from *Miller* where the injuries that the plaintiff allegedly suffered from her false imprisonment, e.g., humiliation, embarrassment, and deprivation of personal liberty, are not compensable under the Mississippi Workers' Compensation Act. *Miller,* 444 So.2d at 372 & n. 2. Mullins' injury, that of being rendered a paraplegic because of an on-the-job fall, is of the type contemplated by the statute.

We therefore hold that Mullins is barred by the Act from pursuing a common law tort remedy against his employer OWSSC. He has failed to state a claim against OWSSC upon which relief may be granted. The judgment of the district court in dismissing the defendant OWSSC is

AFFIRMED.