McRAE, Justice, specially
concurring:
I specially concur in that this case should be reversed, but would point out that Son-ford Products Corporation, as the supplier or manufacturer, has the duty to see that the ultimate users of its products are warned of the hazards of penta, particularly those warnings which the manufacturers had already published about the product. They are to clearly instruct people using or coming in contact with penta to avoid inhaling, ingesting or absorbing penta dust through their eyes or skin. The labels should contain warnings as to what would happen if the users did come in contact with penta. Without giving the warnings to the ultimate users, or having the duty, a manufacturer or supplier should be held *266 accountable, in view of the fact that this product is a very hazardous substance.
I further specially concur that, in view of the admissions made by counsel in oral arguments, the claims of Evelyn Freels and Marva Lovelady against Sonford Products are excluded by the exclusivity of remedies under the Mississippi Workers’ Compensation Act insofar as compensatory damages are concerned; however, the compensation act was never intended to bar an employee from pursuing a common-law remedy for an injury that is the result of a willful and malicious act or gross negligence. See Miller v. McRae’s, Inc., 444 So.2d 368 (Miss.1984) (Dan M. Lee, J.).
Further, we have held that the wrongful denial of workers’ compensation claims by an employer or its carrier were actionable for an intentional tort. See Southern Farm Bureau Cas. Ins. Co. v. Holland, 469 So.2d 55 (Miss.1984) (Prather, J.) and the progeny of cases thereafter.
PRATHER, J., joins this opinion.