# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60272
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 6, 2014

Lyle W. Cayce
Clerk

PAUL CHAMBLEE,

Plaintiff - Appellant

v.

MISSISSIPPI FARM BUREAU FEDERATION; RANDY KNIGHT,
Individually and in Their Official Capacity; DAVID WAIDE, Individually and
in Their Official Capacity,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:11-CV-655

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Paul Chamblee appeals the district court's grant of Mississippi Farm
Bureau Federation ("Farm Bureau"), Randy Knight and David Waide's
(collectively, the "Defendants") motion for summary judgment concerning
Chamblee's Age Discrimination in Employment Act ("ADEA") claim and
various state-law claims.  Because Chamblee did not demonstrate that the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 13-60272

Defendants' nondiscriminatory basis for his termination was pretextual and otherwise failed to assert cognizable state-law claims for relief, we AFFIRM.

## I. Factual and Procedural Background

Chamblee worked as a regional manager in Farm Bureau's state-wide office in Mississippi until he was terminated at age fifty-five. He was an at-will employee who reported to the president of the state-wide office, an elected position. After Waide announced that he would not seek reelection as president, Knight, who was vice-president at the time, announced his candidacy for the position. Two additional candidates ran for president, including Ken Middleton. The parties do not dispute that during Waide's presidency, Farm Bureau prohibited employees from participating in the politics of elections and provided that violation of this policy could result in termination. Farm Bureau instituted this policy to encourage cohesiveness and trust between the president and regional managers because the regional managers work on behalf of the president and serve as his or her representatives in the field.

Knight won the election and, shortly after assuming the position of president, terminated Chamblee for his alleged involvement in the election and support of his opponent, Middleton. Knight also terminated another regional manager, Greg Shows, for his support of Middleton. Chamblee sued, alleging that he was terminated as a result of his age in violation of the ADEA and asserting various state-law claims, including negligent and intentional infliction of emotional distress, invasion of privacy, defamation, breach of contract, unlawful termination, and civil conspiracy. The district court granted summary judgment for the Defendants on all of Chamblee's claims, and Chamblee appealed.

No. 13-60272

## II.  Standard of Review

We review the district court's grant of summary judgment *de novo*. *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 386 (5th Cir. 2007). Summary judgment is appropriate when, after considering the pleadings, discovery materials, and affidavits, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also LeMaire*, 480 F.3d at 387.  We must take all the facts and evidence in the light most favorable to Chamblee, the non-moving party. *See LeMaire*, 480 F.3d at 387.

## III.  Age-Discrimination Claim

Because Chamblee does not present direct evidence of age discrimination, we analyze his ADEA claim under the burden-shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).  *See Jackson v. Cal-W. Packaging Corp.*, 602 F.3d 374, 378 (5th Cir. 2010).  This analysis requires "[a] plaintiff relying on circumstantial evidence [to] put forth a *prima facie* case, at which point the burden shifts to the employer to provide a legitimate, non-discriminatory reason for the employment decision." *Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 349 (5th Cir. 2007).  Once the employer satisfies its burden, the plaintiff is then afforded an opportunity to rebut the employer's explanation by showing that its reason for termination is merely pretextual.  *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010).  The plaintiff may establish pretext by demonstrating, *inter alia*, that the employer's "explanation is unworthy of credence."  *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 220 (5th Cir. 2001) (citation and internal quotation marks omitted).

The parties agree that Chamblee has presented a *prima facie* case and that the Defendants have satisfied their burden of providing a non-discriminatory reason for terminating Chamblee.  They dispute whether

Chamblee has produced sufficient evidence establishing that the Defendants' proffered reason for terminating him was pretext for age discrimination.

Chamblee seeks to establish pretext by arguing that the Defendants' reason for his termination is false or unworthy of credence because he was not in fact involved in the political process surrounding the election. However, our analysis of whether an alleged violation of an employer's policy is a pretext for discrimination does not turn on whether the employee in fact violated the policy, but rather whether the employer reasonably believed the employee violated the policy and acted based on that belief. *See Waggoner v. City of Garland, Tex.*, 987 F.2d 1160, 1165 (5th Cir. 1993); *see also Jackson v. Watkins*, 619 F.3d 463, 468 n.4 (5th Cir. 2010) (noting that at the summary judgment stage an employer need "not provide any examples, experiences, or facts to support" its legitimate, nondiscriminatory reason for termination (citation and quotation marks omitted)); *Little v. Republic Ref. Co., Ltd.*, 924 F.2d 93, 97 (5th Cir. 1991) (explaining that "even an incorrect belief that an employee's performance is inadequate constitutes a legitimate, non-discriminatory reason" for termination).

The Defendants presented uncontroverted evidence that Middleton benefited from "inside information" throughout the election campaign. Specifically, Waide and Knight testified that the nature of information that Middleton discussed during campaign speeches demonstrated that he received information that could only come from ten people at the Farm Bureau state-wide office, which included Chamblee. Knight also explained that "numerous people" warned him that "Middleton had people on the inside working for him." Indeed, one of the regional managers testified that Middleton approached him to request his support and when he declined to become involved in the campaign, Middleton informed her that other regional managers were supporting and assisting him. Further, Knight testified that he observed

No. 13-60272

Chamblee and Middleton "speaking excitedly" for "extended lengths of time" whenever they were together. The investigation performed by Farm Bureau's attorney revealed, *inter alia*, that there were at least fifty phone calls or text messages between Chamblee and Middleton during the election season.

In contrast, while Chamblee maintains that he was not involved in the campaign, he presented no evidence to contradict the Defendants' evidence supporting Knight's conclusion that Chamblee participated in the election by assisting Middleton.[1]      Faced with the Defendants' uncontroverted evidence, Chamblee has not brought forth facts showing that the proffered reason was "unworthy of credence." Nor did he otherwise show a discriminatory animus motivating the decision. Accordingly, the district court did not err in granting summary judgment relief on Chamblee's ADEA claim.[2] *See Moss*, 610 F.3d at 922.

---

[1] Despite Chamblee's arguments, he cannot establish pretext based on the fact that Knight and Waide did not investigate other regional managers apart from himself and Shows because he fails to demonstrate that he was similarly situated with the other regional managers. Indeed there is no evidence to suggest that the Defendants had any reason to investigate the other regional managers for possible political involvement. *See Wyvill v. United Cos. Life Ins. Co.*, 212 F.3d 296, 304 (5th Cir. 2000) ("To establish a claim of disparate treatment, [the employee] must show that [the employer] gave preferential treatment to a younger employee under 'nearly identical' circumstances.").

[2] To the extent Chamblee seeks to establish a violation of the ADEA through disparate impact based on the Defendants' restructuring of the state-wide office, his claim is not properly before the court because he did not present it in his EEOC charge. *See Pacheco v. Mineta*, 448 F.3d 783, 792 (5th Cir. 2006). Although Chamblee argues that the Defendants waived this exhaustion defense, the Defendants pleaded exhaustion as an affirmative defense in their answer and presented arguments concerning this defense in their reply brief following Chamblee's assertion of disparate impact. Moreover, even if Chamblee had exhausted his administrative remedies, he does not allege a valid disparate treatment claim. Specifically, while he asserts that the restructuring plan adversely affected him, he fails to satisfy his burden of identifying any facially-neutral policy that has an adverse impact on a protected class. *See Smith v. City of Jackson*, 544 U.S. 228, 241 (2005); *Hebert v. Monsanto Co.*, 682 F.2d 1111, 1116 (5th Cir. 1982).

No. 13-60272

IV.  State-Law Claims

As the district court recognized, Chamblee's state-law claims also fail. Chamblee does not present a cognizable claim for intentional infliction of emotional distress because apart from asserting that this is "not your ordinary employment dispute," he fails to present evidence to suggest that the Defendants' conduct was outrageous or extreme enough to entitle him to relief on this claim.  *See Starks v. City of Fayette*, 911 So. 2d 1030, 1036 (Miss. Ct. App. 2005) ("To prevail in a claim for intentional infliction of emotional distress, the alleged conduct must be so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency."); *see also Lee v. Golden Triangle Planning & Dev. Dist., Inc.*, 797 So. 2d 845, 851 (Miss. 2001) ("A claim for intentional infliction of emotional distress will not ordinarily lie for mere employment disputes.").  Chamblee's claim for negligent infliction of emotional distress also fails as it is barred by the Mississippi Worker's Compensation Act ("MWCA"), which provides the exclusive means of relief for an employee's claim based on his employer's negligent conduct.  *See* MISS. CODE. ANN. § 71-3-9 (West 2011); *see also Miller v. McRae's, Inc.*, 444 So. 2d 368, 371 (Miss. 1984) (observing that the MWCA's exclusivity provision prevents employees from raising common-law negligence claims).

Chamblee's claims for invasion of privacy and defamation similarly fail. As the district court observed, he presented no evidence to support his claim that the Defendants disclosed to other Farm Bureau employees that the reason for his termination was his support of Middleton during the campaign. Further, his defamation claim based on Knight's assertion that there was "ample evidence" to support his termination cannot give rise to a defamation claim because there is at least some evidence of Chamblee's involvement in the political process and characterizations of the amount of evidence merely reflect opinions that cannot give rise to a defamation claim.  *See Roussel v. Robbins*,

688 So. 2d 714, 723 (Miss. 1996) ("[T]he relevant inquiry is whether the statement could be reasonably understood as declaring or implying a provable assertion of fact." (citation and internal quotation marks omitted)); *see also Ferguson v. Watkins*, 448 So. 2d 271, 276 (Miss. 1984) ("Opinion statements are actionable only if they clearly and unmistakably imply the allegation of undisclosed false and defamatory facts as the basis for the opinion."). Also, Farm Bureau's response to Chamblee's charge of discrimination to the EEOC cannot give rise to a defamation claim because such statements were made within the scope of the Defendants' qualified privilege, and Chamblee has not overcome his burden of demonstrating that these statements were not made in good faith. *See Smith v. White*, 799 So. 2d 83, 86 (Miss. 2001) ("A communication made in good faith and on a subject-matter in which the person making it has an interest, or in reference to which he has a duty, is privileged if made to a person or persons having a corresponding interest or duty." (citation and quotation marks omitted)); *see also Stockstill v. Shell Oil Co.*, 3 F.3d 868, 872 (5th Cir. 1993) (explaining that an employer has a duty to cooperate in EEOC investigations and an interest in defending itself against an employee's charge).

Further, Chamblee's claims for breach of contract and wrongful termination are without merit as he was an at-will employee who could be terminated at any time.[3] *See Jones v. Fluor Daniel Servs. Corp.*, 959 So. 2d 1044, 1046 (Miss. 2007). Finally, Chamblee's claim based on civil conspiracy fails because he presents no evidence to suggest that Knight and Waide

---

[3] Chamblee's reliance on Farm Bureau's employee handbook is misplaced. He does not identify any term in the employee handbook that modifies his status as an at-will employee, and any alleged violation of the manual's ethical rules by Knight is an issue separate from his employment relationship with Farm Bureau.

conspired to "accomplish[] an unlawful purpose or a lawful purpose unlawfully." *See Shaw v. Burchfield*, 481 So. 2d 247, 255 (Miss. 1985).

## V.  Conclusion

Because Chamblee fails to establish pretext with respect to his ADEA claim and does not assert any cognizable state-law claims,[4] the district court's grant of the Defendants' motion for summary judgment is AFFIRMED.

---

[4] Chamblee also challenges the district court's denial of two of his discovery motions. However, the district court did not abuse its discretion in denying Chamblee's motion to strike Knight's declaration based on the court's conclusion that Chamblee failed to establish that the declaration contradicted Knight's deposition testimony. *See Gomez v. St. Jude Med. Daig Div. Inc.*, 442 F.3d 919, 927 (5th Cir. 2006) ("Discovery and evidentiary rulings are reviewed under a deferential abuse of discretion standard."). The district court also acted within its discretion to the extent that it did not reopen discovery to allow Chamblee to depose Farm Bureau's general counsel because the court concluded that the Defendants were not "contending that Chamblee was terminated on advice of counsel." *See id.*