STANLEY *v.* McLENDON, et al.

Feb. 22, 1954

No. 39045 54 Adv. S. 27 70 So. 2d 323

*W. Vol Jones,* Waynesboro, for appellant.

*Knox W. Walker,* Jackson, for appellees.

KYLE, J.

This case is before us on appeal by T. K. Stanley from a judgment of the Circuit Court of Wayne County amending and approving an order of the Workmen's Compensation Commission awarding death benefits to Robert James McLendon and Willie Fred McLendon as dependent children of Jim Spells, deceased.

The record shows that Jim Spells was injured on November 4, 1949, while working at a sawmill for T. K. Stanley in Wayne County, and that he died as a result of his injuries on November 5, 1949. It was also shown that the injury which resulted in Jim Spells' death was an accidental injury arising out of and in the course of his employment; that T. K. Stanley had in service at that time at least eight workers regularly employed by him and was therefore subject to the provisions of the Mississippi Workmen's Compensation Law, Chapter 354, Laws of 1948, and amendments thereto; and that Stanley received actual notice of the injury and death of the decedent within thirty days after the occurrence of the accident; but failed to file a report of the injury and death with the Workmen's Compensation Commission within ten days after the death of the decedent, as required by the statute. Stanley had also failed to qualify as an insured employer by giving bond as required by the statute.

The decedent left surviving him a wife, Vassie Spells, with whom he had been living for a period of about ten years; and after Jim's death Stanley continued to supply Vassie with groceries from his commissary until June, 1950, when the mill was shut down and the commissary was closed.

On April 23, 1952, Vassie filed a claim for death benefits under the Workmen's Compensation Act as the widow of the deceased; and before her claim was acted

upon claims were filed on behalf of the two small chil-
dren of Vassie's daughter, Dora, who lived in the home
of the deceased, as children in relation to whom the
deceased stood in the place of a parent for at least
one year prior to his injury. After the filing of the
claims on behalf of the two children, additional testi-
mony was taken in support of those claims. The testi-
mony showed that Dora was about ten years of age
when her mother married Jim Spells, and that Dora
lived in the home with her mother and her stepfather
after their marriage. Dora's two children were illegiti-
mate. Robert James was born on February 18, 1947;
and Willie Fred was born on February 27, 1949. The
two children lived with Jim Spells and Vassie until
Jim was killed; and the proof showed that Jim and
Vassie provided food, clothing and shelter for them.
Dora appears to have been sickly and never had regular
employment.

The attorney-referee found that Vassie Spells' claim
for death benefits was barred by Section 12 of the Work-
men's Compensation Act, Chapter 354, Laws of 1948,
(Section 6998-18, Code of 1942) on November 5, 1951.
The attorney-referee found that the evidence offered
in support of the claims of Robert James McLendon
and Willie Fred McLendon was sufficient to establish
as a fact that the decedent stood in the place of a parent
to said children for more than one year prior to the
time of his injury and death, and that by virtue of such
relationship they were children of the deceased within
the purview and meaning of the Workmen's Compensa-
tion Law; and upon the basis of those findings the
attorney-referee ordered that death benefits be paid
to the guardian or other representative of each of said
children in an amount equal to ten per cent of the
average weekly wages of the deceased from the date
of his death until November 5, 1951, and in an amount
equal to 15 per cent of the average weekly wages of the
deceased thereafter, in the manner provided in Section

9 of the Workmen's Compensation Act. (Section 6998-13, Code of 1942). The attorney-referee found that the average weekly wages of the deceased amounted to $30. The attorney-referee also ordered that an immediate lump sum payment of $100 be paid to Vassie Spells as surviving widow, and that the funeral expenses of the deceased be paid, as provided in subsections (a) and (b) of Section 9 of the act (Sections 6998-13, Code of 1942). But Vassie's claim for other death benefits was denied. The attorney-referee ordered that a penalty of $100 be imposed upon Stanley, because of his failure to file a report of the injury and death of the decedent within ten days after the death of the decedent, as required by Section 28 of the act (Section 6998-34, Code of 1942).

The full Commission, after reviewing the record, entered an order approving the findings of the attorney referee; but the Commission amended the order of the attorney-referee by striking out the allowance made for funeral expenses, which the Commission found had been paid by Stanley. The Commission approved the award made in favor of the two children and also the order imposing a penalty of $100 upon the employer for failure to give notice of the injury and death of the deceased within the time required by the statute; and the Commission denied the claim of Vassie Spells for death benefits as provided in Section 9 (c) of the act (Section 6998-13, Code of 1942). From that order T. K. Stanley appealed to the circuit court.

The circuit court, upon its review of the record, approved the findings of fact made by the attorney-referee and approved by the Commission, but entered a new order which provided that death benefits be paid to the guardian or the duly designated representative of the two minor children, as provided in Section 9 of the act (Section 6998-13, Code of 1942), in amounts equal to 10 per cent of the average weekly wages of the deceased, for each of said minors, from the date of death

until November 5, 1951, and thereafter in amounts equal to 15 per cent of the average weekly wage of the deceased, for each of said minors. The court ordered that a penalty of $100 be imposed upon the employer for failure to file the notice of death, and directed that said amount be paid to the guardian or legal representative of said minors. And the court ordered that the claim of Vassie Spells for death benefits be denied.

From that judgment T. K. Stanley, the employer, has appealed to this Court.

The appellant's attorney argues two points as grounds for reversal on this appeal: (1) That the court erred in allowing the claims of Robert James McLendon and Willie Fred McLendon, minors, for death benefits; and (2) that the court erred in assessing a penalty of $100 against the appellant for failure to file a report of the injury and death of the decedent with the Commission within 10 days, as required by the statute.

The appellant contends that, in view of the fact that the above named minor children were shown to be the illegitimate off-spring of Dora McLendon, they were not entitled to death benefits as children of the deceased, under the provisions of the Workmen's Compensation Act.

But death benefits payable to dependent children under the act are not limited to benefits payable to the legitimate minor children of the deceased. The word "child" is defined in Section 2 of Chapter 354, Laws of 1948, as amended by Chapter 412, Laws of 1950 (Section 6998-02, Code of 1942), as follows:

" 'Child' shall include a posthumous child, a child legally adopted prior to the injury of the employee, a child in relation to whom the deceased employee stood in the place of a parent for at least one year prior to the time of injury, and a stepchild or acknowledged illegitimate child dependent upon the deceased, but does not include married children unless wholly dependent on him."

■■■ The attorney-referee found that Robert James McLendon and Willie Fred McLendon were children in relation to whom the deceased employee stood in the place of a parent for at least one year prior to the time of his injury and death. The full Commission and the circuit court approved that finding; and we think there was ample evidence to support that finding. The proof showed that, while the children were not related by blood to Jim Spells, they were Vassie's grandchildren; and they lived in the home of Jim Spells from the dates of their births until the date of Jim's death. Vassie testified that Jim provided food, clothing and shelter for them. That proof is undisputed.

■■■ One of the primary purposes of the Workmen's Compensation Act is to relieve society of the burden of supporting in orphanages or public almshouses helpless children, who have been left without means of support because of the death of the wage earners who have lost their lives in industrial accidents; and the benefits of the act are not limited to children begotten in lawful wedlock. ■■■ The act provides that acknowledged illegitimate children who are dependent upon the deceased, children who have been legally adopted prior to the injury of the employee, and even children who are not related to the deceased, but who are children in relation to whom the deceased employee stood in the place of a parent for at least one year, are to be recognized as children within the meaning of the act.

■■■ It is true that Robert James and Willie Fred were illegitimate, and that their mother was an illegitimate child of Vassie. But the children lived in Jim Spells' home all of their lives, and were being supported by Jim at the time of his death. The older child called Jim "Daddy." Jim was the only "Daddy" that the child had ever known. The children were not only children in relation to whom Jim stood in the place of a parent, but they were actually dependent upon Jim for their daily bread; and they had a right to expect a con-

tinuation of that support, if Jim had lived, until they were old enough to shift for themselves. We think there was no error in the action of the lower court in allowing death benefits to them as children "in relation to whom the deceased employee stood in the place of a parent for at least one year prior to the time of injury."

 The appellant also contends that the Commission and the circuit court erred in imposing the penalty of $100 provided for in Section 28 of the Workmen's Compensation Act (Section 6998-34, Code of 1942), for failure to make a report of the injury and death of the decedent to the Commission within ten days after the fatal termination of the injury. But we think that the Commission and the circuit court were justified in imposing the penalty under the facts disclosed by the record in this case.

The judgment of the circuit court is therefore affirmed and the cause is remanded for such further proceedings as may be necessary and proper to give effect to that judgment.

Affirmed and remanded.

*Roberds, P. J.,* and *Lee, Holmes,* and *Ethridge, JJ.,* concur.