**George LYLES Plaintiff**

v.

**BRAMBLES EQUIPMENT SER-VICES, INC., and Joe Knick-erbocker Defendants**

**No. CIV.A.3:00CV213WS.**

United States District Court, S.D. Mississippi, Jackson Division.

March 15, 2001.

Kathryn N. Nester, Jackson, MS, for Plaintiff.

W. Scott Welch, III, Louis H. Watson, Jr., Butler, Snow, O'Mara, Stevens & Cannada, Jackson, MS, for Defendants.

### MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

Before the court is plaintiff George Lyles' motion to remand and defendants Brambles Equipment Services, Inc., and Joe Knickerbocker's cross-motion to dis-

miss Knickerbocker. Plaintiff submits his motion pursuant to the authority of Title 28 U.S.C. § 1447(c)[1], while defendants bring their motion under the auspices of Title 28 U.S.C. §§ 1441(a)[2] and 1332(a).[3] Having considered the memoranda of authorities submitted by the parties, the court is persuaded that Lyles' motion to remand should be granted and that defendants' cross-motion to dismiss Knickerbocker should be denied for the reasons set out below.

### Facts and Procedural History

Plaintiff George Lyles, a Mississippi resident, filed his complaint on January 24, 2000, in the Circuit Court of the First Judicial District of Hinds County, Mississippi, against his former employer, defendant Brambles Equipment Services, Inc., and former supervisor, defendant Joe Knickerbocker.

Lyles' complaint arises out of his termination on October 23, 1999, and the events that followed his termination. Specifically, Lyles claims that Brambles Equipment wrongfully terminated him when he refused to undertake tasks he believed to be illegal. Lyles also claims that his supervisor, Knickerbocker, assaulted him after terminating him and that Knickerbocker's assault, combined with his verbal harassment and threats, constituted intentional infliction of emotional distress.

The complaint asserts that Brambles Equipment is a foreign corporation with its principal place of business in the State of Mississippi and that Knickerbocker is a citizen of the State of Mississippi. On March 15, 2000, defendants removed this action to federal court on two alternative grounds. Defendants, in their notice of removal, claim that there exists complete diversity of citizenship between the parties because Knickerbocker was fraudulently joined, and, therefore, his citizenship should be ignored, and that contrary to Lyles' complaint, Brambles Equipment was incorporated under the laws of the State of Delaware and has its principal place of business in the State of North Carolina. Brambles argues that even if the court declines to find that Knickerbocker was fraudulently joined to the instant suit, complete diversity of jurisdiction nonetheless exists because Brambles transferred Knickerbocker out of the State of Mississippi eight days after he was served a copy of the complaint. Lyles timely filed a motion to remand. Defendants responded and petitioned the court for the dismissal of Knickerbocker.

1. Title 28 U.S.C. § 1447(c) states in pertinent part:

   (c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the court of the State court. The State court may thereupon proceed with such case.

2. Title 28 U.S.C. § 1441(a) states in pertinent part: "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending ...."

3. Title 28 U.S.C. § 1332(a) states in pertinent part:

   (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States; ...

### Standard of Review and Discussion of Law

■ Where removal of an action from state to federal court is sought, the party seeking removal must establish a basis for federal jurisdiction. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). However, the removal of cases in which the federal court may have had original jurisdiction on the basis of diversity of citizenship is subject to limitation, and

> [a]ny civil action of which the district courts have original jurisdiction founded on a claim ... [of diversity of citizenship] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State of which such action is brought.

Title 28 U.S.C. § 1441(b).

■ In establishing that a defendant to the action has been fraudulently joined, the removing party must show that there has been fraud in the pleading of jurisdictional facts or that there is no possibility that the plaintiff would be able to establish a claim against the allegedly improper party in a state court proceeding. *B., Inc.*, 663 F.2d at 549. The issue of jurisdiction before this court turns, in part, on whether it is possible that Lyles would be able to establish a claim of intentional infliction of emotional distress and assault against defendant Knickerbocker in a state court action.

■ Whether a case is removable, and implicitly whether it states a cognizable claim against a defendant, is determined by reference to the allegations made in the original pleadings. *See Gray v. United States Fidelity & Guaranty*, 646 F.Supp. 27, 29 (S.D.Miss.1986). The court must then evaluate those allegations in the light most favorable to the party opposing removal, resolving all contested issues of fact and law in favor of that party. *B., Inc.*, 663 F.2d at 549. *See also Bobby Jones Garden Apartments v. Suleski*, 391 F.2d 172, 177 (5th Cir.1968); *Howard v. General Motors Corp.*, 287 F.Supp. 646, 648 (N.D.Miss.1968).

In determining if the facts alleged by the pleadings set forth a cognizable claim against the allegedly improper party, the United States Court of Appeals for the Fifth Circuit has set forth the following standard:

> If, having assumed all of the facts set forth by the plaintiff to be true and having resolved all uncertainties as to state substantive law against the defendants, the district court should find that there is no possibility of a valid cause of action being set forth against the in-state defendant(s), only then can it be said that there has been a "fraudulent joinder." However, if there is even a possibility that a state court would find a cause of action stated against any one of the named in-state defendants on the facts alleged by the plaintiff, then the federal court may find that the in-state defendants have been properly joined, that there is incomplete diversity, and that the case must be remanded to state courts.

*B., Inc.*, 663 F.2d at 550 (citations omitted).

■ In light of the standard set forth above, this court must now determine whether, upon the facts alleged by Lyles against Knickerbocker, there is a possibility that a Mississippi state court might find that a valid claim has been stated against Knickerbocker. In his state court petition for assault and intentional infliction of emotional distress, Lyles asserts the following:

> On October 22, 1999, Mr. Lyles transported a lift boom across the City of Jackson. Because the lift boom pro-

truded more than 15 feet from the back of the truck, Mr. Lyles requested and was provided an escort vehicle that followed behind him. Mr. Lyles was informed by Mr. Joe Knickerbocker that he would need to transport the same item the next day to Hattiesburg. Mr. Lyles requested that an escort vehicle follow him to Hattiesburg, but Mr. Knickerbocker refused.

On October 23, 1999, Mr. Lyles arrived to pick up the lift boom to transport to Hattiesburg. Again, Mr. Lyles asked the dispatcher to send an escort vehicle to follow behind him due to the fact that the lift boom protruded more than 15 feet past the rear end of the truck. The dispatcher told Mr. Lyles he would call Mr. Knickerbocker to ask him if they could send an escort. A few minutes later, the dispatcher instructed Mr. Lyles to contact Mr. Knickerbocker over the telephone. When Mr. Lyles called Mr. Knickerbocker, he was immediately terminated.

When Mr. Lyles returned to Brambles on the Monday after he was fired to pick up his personal belongings, Mr. Knickerbocker called Mr. Lyles into his office. When Mr. Lyles entered Mr. Knickerbocker's office, Mr. Knickerbocker demanded that Mr. Lyles sign some termination papers that were left blank. When Mr. Lyles refused to sign the blank paperwork, Mr. Knickerbocker cursed and shouted at him, physically shoved his desk toward Mr. Lyles and jumped up as if he were coming to physically assault Mr. Lyles. All of these actions placed Mr. Lyles in fear of his personal safety and caused Mr. Lyles to suffer extreme emotional distress.

Defendants argue that Lyles' claims for assault and intentional infliction of emotional distress are barred by the exclusive remedy provision of the Mississippi Workers' Compensation Act, Miss.Code Ann. § 71–3–9 (2000).[4] Such bar would show that there is no possibility that Lyles would be able to establish a valid claim—as a matter of law—against Knickerbocker in a Mississippi state court. Lyles argues that the assault and intentional infliction of emotional distress claims survive under the "intentional tort" exception to the exclusive remedy provision.

Under the mandate of *Erie*, the substantive law to be applied in this case is that of Mississippi. The Mississippi Workers' Compensation Act was enacted in 1948 in order to provide an assured recovery to injured employees and their dependents. *Stanley v. McLendon*, 220 Miss. 192, 70 So.2d 323 (Miss.1954). With the advent of workers' compensation, the worker gained the right to make a claim for a job-related injury regardless of fault, but lost the right to sue his employer in a civil tort action. *Mullins v. Biglane Operating Co.*, 778 F.2d 277 (5th Cir.1985). Thus, in those situations where the Act applies, workers' compensation is the exclusive remedy for those who are covered.

The question in the lawsuit *sub judice* is whether the Act applies, more specifically, whether at the time defendant Knickerbocker allegedly assaulted plaintiff, plaintiff was still employed by defendant Brambles Equipment Services, Inc. In his complaint, plaintiff asserts that the alleged assault occurred "on the Monday after he was fired" and that plaintiff re-

---

**4.** Miss.Code Ann. § 71–3–9 states in pertinent part:
  The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee, ... and anyone otherwise entitled to recover damages at common law or otherwise from such employer on account of such injury or death...

turned to Brambles "to pick up his personal belongings." These allegations in plaintiff's complaint trigger the question whether plaintiff was an employee of defendant Brambles Equipment Services, Inc., at the time of the alleged assault. If not, then the strictures of the Mississippi Workers Compensation Act do not apply. Since a determination whether plaintiff was an employee at the time of the alleged assault is a factual question, *see Shelby v. Peavey Electronics Corp.*, 724 So.2d 504, 506 (Miss.App.1998), and since this court is obligated to remand this lawsuit to state court if there is even a possibility that a state court would find a cause of action asserted by plaintiff against Knickerbocker, this court must find that remand is proper and that defendant has not established fraudulent joinder.

The court further notes that Brambles Equipment has failed to offer any cogent argument, authority, or proof as to its own citizenship or the amount of controversy requirement in a diversity action. In his state court complaint, Lyles asserts that Brambles Equipment has its principal place of business in the State of Mississippi. To the contrary, Brambles asserts in its notice of removal that it was incorporated under the laws of Delaware and has its principal place of business in the State of North Carolina. The issue of Brambles' citizenship, however, is not discussed in defendants' brief to this court, nor did defendants submit any documentation relative to the point. Defendants, who removed this lawsuit from state court, invoking this court's limited jurisdiction, have the burden of proof on this issue. *Frank v. Bear Stearns*, 128 F.3d 919, 921 (5th Cir.1997). Therefore, having failed to adduce any proof whatsoever on the point, this court is left with plaintiff's contention in his complaint that Brambles Equipment Services, Inc., is a citizen of Mississippi. Section 1441(b) forbids a Mississippi defendant from effectuating removal and, further, since plaintiff is a Mississippi resident, this court would not have diversity of citizenship jurisdiction under Title 28 U.S.C. § 1332.

## CONCLUSION

For the foregoing reasons, this court hereby grants plaintiff's motion to remand and denies defendants' cross-motion to dismiss Knickerbocker. The Clerk of the District Court for the Southern District of Mississippi is hereby directed to return this case file to the Circuit Court of the First Judicial District of Hinds County, Mississippi, where this lawsuit originated.