OPINION OF THE COURT
Loren N. Brown, J.
By notice of motion, dated November 10, 1986, and supporting papers, the defendants move for an order dismissing all three causes of action in the plaintiff’s complaint on the grounds that they are barred by the exclusivity provisions of the Workers’ Compensation Law. The plaintiff, with a factual offering of proof, opposes only the motion to dismiss the third cause of action.
On May 23, 1986, the plaintiff was allegedly burned while at *806 her place of employment. After the injury, she was allegedly forced to work while still injured, and after she did take time off for recovery, she was unlawfully discriminated against because of her injury and claim. In addition to the claim of discrimination, she alleges that the conduct of the defendant violated the terms of her employment contract.
The court believes that the allegations of intentional infliction of harm to the plaintiff as expressed in her affidavit, and of violations of her contract, two causes of action not necessarily barred by the Workers’ Compensation Law, can withstand the motion to dismiss cause of action number three. (See, DeMarco v Federal Ins. Co., 99 AD2d 114.)
Brinkman v Buffalo Bills Football Club (433 F Supp 699), relied upon by the defendants to support their argument that a contract cause of action to recover damages for injuries arising out of employment is barred by the exclusivity of the Workers’ Compensation Law, is factually distinguishable. In Brinkman, the contract cause of action was dismissed because the contract called for proper medical care in case of injury while playing football, precisely the type of damages addressed by workers’ compensation. The gravamen of the contract action at bar concerns the plaintiff’s employment relations vis-á-vis her employer, not with the injury suffered.
Accordingly, causes of action one and two are dismissed. The motion to dismiss cause of action three is denied.