## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2000-CA-00664-SCT

*WANDA BLAILOCK*

*v.*

*SHIRLEY O'BANNON*

*AND HIGBEE COMPANY d/b/a*

*DILLARD'S DEPARTMENT STORES, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/17/2000 |
| TRIAL JUDGE: | HON. TOMIE T. GREEN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | MICHAEL BRELAND |
| | ROBERT FRED LINGOLD, JR. |
| ATTORNEYS FOR APPELLEES: | CHRISTY D. JONES |
| | MARY MARGARET SAMS |
| NATURE OF THE CASE: | CIVIL - JURISDICTION |
| DISPOSITION: | REVERSED AND REMANDED - 09/27/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/18/2001 |

**EN BANC.**

**WALLER, JUSTICE, FOR THE COURT:**

¶1. Wanda Blailock filed a complaint in the Circuit Court of the First Judicial District of Hinds County, Mississippi, against her employer, Higbee Company d/b/a Dillard's Department Stores, Inc. (Dillard's), and another of its employees, Shirley O'Bannon. Blailock claimed that, while she was working as a saleswoman at Dillard's, O'Bannon, a management-level employee, intentionally assaulted her, committed battery, falsely imprisoned her, and caused emotional distress when O'Bannon grabbed Blailock's arm and began pulling her to an office for disciplinary action. Blailock further claimed that Dillard's was aware of the "bullying and threatening tactics" used by O'Bannon and it therefore ratified her conduct.

¶2. Dillard's filed a motion to dismiss, contending that the Mississippi Workers' Compensation Commission (WCC) had exclusive original jurisdiction to hear the claims raised in Blailock's complaint. This motion to dismiss was granted after a hearing and after Dillard's presented evidence that a file pertaining to the matter had been opened at the WCC.

## ANALYSIS

## I. DID THE CIRCUIT COURT ABUSE ITS DISCRETION BY DISMISSING

**BLAILOCK'S COMPLAINT?**

¶3. Blailock contends that the WCC does not have exclusive original jurisdiction to hear her claims because her claims consist of intentional torts which are not compensable under the Act. *See* Miss. Code Ann. § 71-3-3(b)(2000) (To be compensable under the Act, there must be an accidental injury or an accidental death) ; *Miller v. McRae's, Inc.*, 444 So. 2d 368, 372 (Miss. 1984) (WCC has exclusive jurisdiction if the injury arose out of and in the course of employment and if the injury is compensable under the Act). The standard of review for questions of law is de novo. *Starcher v. Byrne*, 687 So. 2d 737, 739 (Miss. 1997).

¶4. We have set out two elements which must be met in order to avoid the exclusivity of the Act:

> (1) The injury must be caused by the willful act of the employer or another employee acting in the course of employment and in the furtherance of the employer's business; and

> (2) The injury must be one that is not compensable under the Act.

*Griffin v. Futorian Corp.*, 533 So. 2d 461, 463 (Miss. 1988) (citing *Miller*, 444 So. 2d at 371-72).

¶5. Many states which have enacted statutory exclusivity provisions which allow civil claims, as opposed to physical injury claims which are compensable under the Act, by the employee against the employer's insurance carrier for the commission of an intentional tort.[1] We have held that a mere willful and malicious act is insufficient to give rise to the intentional tort exception to the exclusive remedy provisions of the Act. There must be a finding of an "actual intent to injure." Reckless or grossly negligent conduct is not enough to remove a claim from the exclusivity of the Act. *Peaster v. David New Drilling Co.,* 642 So. 2d 344, 348, 349 (Miss. 1994). For a civil suit based on an intentional tort to proceed, the injury has been something other than physical injury or death, which are compensable under the Act. *Id.* at 348.

¶6. We find that the circuit court's dismissal of Blailock's complaint was error, and we reverse and remand for further proceedings. Part of the damages sought by Blailock (physical pain and suffering due to the alleged wrenching of her arm, emotional distress, loss of wages, special damages for the loss of the opportunity to compete in the Senior Olympics and punitive damages) are not compensable under the Act because they are alleged to have been caused by willful and intentional acts, not negligent or grossly negligent acts. The damages did not arise from an accidental injury or an accidental death. The allegations of Blailock's complaint certainly meet the two criteria set out by the Court in *Griffin.* Blailock must prove that O'Bannon was working in the course and scope of her employment when she allegedly committed the intentional torts, that O'Bannon's alleged acts were committed with an actual intent to inflict injury, and that Blailock suffered injuries as a result, but the allegations of intentional acts certainly take Blailock's non-compensable claims out of the jurisdiction of the WCC. Of course, a claim for her injuries that are compensable under the Act are still subject to the WCC. *See, e.g., Sharpe v. Choctaw Elecs. Enters.*, 767 So. 2d 1002, 1007 (Miss. 2000).

## II. WHETHER BLAILOCK WAS PROVIDED WITH AN ADEQUATE OPPORTUNITY TO BE HEARD.

¶7. Blailock contends that the circuit court summarily dismissed her complaint after it reviewed the file opened at the WCC. However, Blailock admits that a hearing was held on the motion to dismiss and that the court's decision was taken under advisement until such time the file could be reviewed.

¶8. Because we reverse the circuit court's grant of Dillard's motion to dismiss, this issue is moot.

### III. DOES THE FILING OF AN INJURY REPORT WITH THE WCC ESTOP A PARTY FROM PURSUING A CIVIL CLAIM FOR AN INTENTIONAL TORT?

¶9. The filing of a Notice of Injury Report with the WCC is required by Miss. Code Ann. § 71-3-67 (2000). However, the Notice does not ripen into a claim until the employee files a Petition to Controvert. M.W.C.C. Proc. R. 2. We find that an injured employee is not estopped from filing a complaint based on an employment-related intentional tort merely because a file has been opened at the WCC by the filing of a Notice of Injury Report.

### CONCLUSION

¶10. We reverse the order dismissing Blailock's complaint and action and remand this case to the Circuit Court of the First Judicial District of Hinds County for further proceedings consistent with this opinion.

¶11. **REVERSED AND REMANDED.**

**PITTMAN, C.J., BANKS, P.J., MILLS, DIAZ AND EASLEY, JJ., CONCUR. McRAE, P.J., CONCURS IN RESULT ONLY. SMITH, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY COBB, J.**

**SMITH, JUSTICE, DISSENTING**:

¶12. In my view, the majority errs in finding that the Mississippi Workers' Compensation Commission did not have exclusive original jurisdiction to hear Blailock's claims. First, there was no intent to injure Blailock; therefore, there is no question that any injury she incurred was the result of an accident. It is undisputed that Blailock filed a workers' compensation claim. Second, there are cases that have compensated workers for injuries resulting from intentional torts; thus, the majority is in error when it finds that such torts are not compensable under workers' compensation law. This Court reiterated the two elements necessary for an injured employee to avoid the Mississippi Workers' Compensation Exclusive Liability Provision:

> (1) the injury must have been caused by the willful act of another employee acting in the course of employment and in the furtherance of the employee's business, and

> (2) the injury must be one that is not compensable under the Act.

*Griffin v. Futorian Corp*., 533 So. 2d 461, 463-64 (Miss. 1988) (citing *Miller v. McRae's, Inc.*, 444 So. 2d 368, 371-72 (Miss. 1984)). If both of these elements are met, then it is appropriate to pursue a claim outside of the confines of the statute. Otherwise, the claimant is only entitled to the compensation provided under the statute. Under either theory stated above, Blailock's claims are compensable, and thus subject to the exclusivity provision. Therefore, I respectfully dissent.

¶13. If the claims do not meet both elements of the *Griffin* test, then the claims are subject to the exclusivity provisions. I believe that the claims are compensable, and thus subject to the exclusivity provisions, based on either of the theories presented below:

**(1) THE CLAIMS ARE COMPENSABLE BECAUSE UNDER THE FACTS PRESENTED THERE WAS NO INTENT TO INJURE.**

¶14. If there was no intent to injure, then the injury is clearly covered by the Act, and Blailock is thus limited to the remedy provided under the Act. Section 71-3-3 defines injury as:

> accidental injury... arising out of and in the course of employment without regard to fault which results from an untoward event or events, if contributed to or aggravated or accelerated by the employment in a significant manner...and also includes an injury caused by the willful act of a third person directed against an employee because of his employment while so employed and working on the job.

Miss. Code Ann. § 71-3-3 stated that "[i]f the harm to the worker includes physical results, there is an "accidental injury" if either the event resulting in harm or the harm itself is unexpected." ***KLLM, Inc. v. Fowler***, 589 So. 2d 670, 675 (Miss. 1991) (quoting J. Bradley, *Two Workers' Compensation Law Amendments: Definition of "Injury" and Method of Stating Maximum Benefits* 14 (May 13, 1988) (Paper published by Third Annual Mississippi Workers' Compensation Educational Conference, Miss. Workers' Compensation Commission)). Under the short fact statement found in the complaint filed below and that in the appellant's brief, no intent to commit the alleged acts is demonstrated. This is like this Court observed "[d]espite these allegations [regarding intentional torts], the overwhelming language and facts point to negligence, including gross negligence." ***Peaster v. David New Drilling Co.***, 642 So. 2d 344, 346 (Miss. 1994). Further in ***Peaster***, this Court quoted ***Griffin***, stating:

> Dunn, *Mississippi Workmen's Compensation*, (3d ed. 1982 & Supp. 1984), notes that in order for a willful tort to be outside the exclusivity of the Act, the employee's action must be done "with an actual intent to injure the employee. It is not enough to destroy the immunity that the employer's conduct leading to the injury consists of aggravated negligence or even that the conduct goes beyond this to include such elements as knowingly permitting hazardous conditions to exist or willfully failing to furnish a safe place to work or knowingly ordering the employee to perform a dangerous job."

642 So. 2d at 347-48. Considering all of this, any injury incurred by Blailock would be accidental and thus the exclusivity provision applies.

### (2) THE CLAIMS ARE COMPENSABLE BECAUSE MISSISSIPPI CASE LAW DOES NOT ABSOLUTELY PROHIBIT COVERAGE UNDER THE ACT FOR BLAILOCK'S CLAIMS.

### (A) Assault and Battery and Intentional Infliction of Emotional Distress

¶15. Assaults by co-employees or supervisors are compensable claims. This Court has allowed compensation under the Act for an injury that occurred as a result of preliminary horseplay between employees which culminated in one employee hitting the other over the head with a shovel. ***Mutual Implement & Hardware Ins. Co. v. Pittman***, 214 Miss. 823, 59 So. 2d 547 (1952). Citing the question as one of first impression for the State, this Court went through various holdings from other states. Eventually it aligned itself with the states giving the Act a "broad and liberal construction," and found that assaults between co-employees "arise out of" the employment because the employment and the nature of the work have brought the employees into close contact, and one of the hazards of such contact is that of an assault on one employee by another. ***Id. John Hancock Trucking Co. v. Walker***, 243 Miss. 487, 138 So. 2d 478 (1962), dealt with an assault upon one worker by another man working on the same job site that was not employed by the same employer. While this case did not deal with a co-employee assault,

it did briefly summarize several cases which had found assaults involving co-employees to be compensable. *Id*. A much more recent case allowed death benefits where a service station attendant was shot to death by his employer on the employer's premises during working hours, notwithstanding evidence that the cause of the shooting was an affair which the deceased was having with the employer's wife who was also a supervisor of the deceased. *Kerr-McGee Corp. v. Hutto*, 401 So. 2d 1277 (Miss. 1981). Also, mental distress claims are compensable under the Act. *Fought v. Stuart C. Irby Co.*, 523 So. 2d 314, 317-18 (Miss. 1988).

¶16. While these above cases seem to make it clear that intentional torts occurring between co-employees may be compensable under the Act, the case which the majority relies on, *Miller v. McRae's, Inc.,* 444 So. 2d 368, 370 (Miss. 1984), confuses the issue. First, *Miller* notes that a willful act, in that case the tort of false imprisonment, cannot be an accident. Second, *Miller* then considers whether the supervisor was a "third person" under the Act's definition of injury. *Id*. at 371. The Court found that a third person is either a "stranger to the employer-employee relationship or [a] fellow employee acting outside the scope and course of his employment." *Id*. The Court concluded that an employee that injures a fellow employee via a willful act while acting in the scope and course of his employment is not subject to the exclusivity provisions of the Act. *Id*. *Griffin* later utilized the language from *Miller* to develop its two-element test. While *Miller* seems to throw a kink into the argument that assault and battery and intentional infliction of emotional distress can be compensable under the Act, it did not expressly overrule those earlier cases. Thus, they still stand as good law and are capable of supporting the argument that these allegations are compensable and subject to the exclusivity provisions. Further, *Griffin* drew its two-element test from *Miller*, and required both elements to be met for a claimant to avoid the exclusivity provisions. This requirement clearly demonstrates this Court's acceptance of the idea that an employee may cause an injury to another employee via a willful act, and yet the injury may still be compensable under the Workers' Compensation Act.

### (B) False Imprisonment

¶17. Both parties address the false imprisonment claim on appeal. I believe it was error for the trial court to have dismissed this particular claim because O'Bannon's motion to dismiss only addressed the claims of assault and battery and intentional infliction of emotional distress. As the claim of false imprisonment was not part of that motion, it should not have been dismissed. Conceding that it should not have been dismissed, I still believe that exclusive jurisdiction for this claim lies with the Mississippi Workers' Compensation Commission.

¶18. Since, false imprisonment is specifically at issue in *Miller* this may appear harder to dismiss; notwithstanding that problem, *Miller* can be distinguished. *Miller* stated that

> [w]here exclusivity of remedy is involved one must ask not only whether the injury arose out of and in the course of employment, but also, whether the injury is compensable under the Workmen's Compensation Act. Obviously, if the injury is not compensable under the Act, the Act does not provide the exclusive remedy.

444 So. 2d at 372. *Peaster* refers to the *Miller* test, and notes that "[i]n each of the cases where this Court has allowed a claim for intentional tort, the injury has been something other than physical injury or death, which are compensable under the Act." 642 So. 2d at 348. *Miller* and *Peaster* both seem to put emphasis on the type of injury involved, as well as the act itself. Here, the claims made by Blailock are the type traditionally covered by the Act (physical injury, pain and suffering, emotional distress, and lost wages)

; thus, the exclusivity provision applies to the false imprisonment claim, as well.

¶19. Blailock's injuries are compensable under the Workers' Compensation Act, and thus subject to its exclusivity provisions. The trial court was correct in its dismissal for lack of subject matter jurisdiction, with the exception of the false imprisonment claim which was not before the trial court in the motion to dismiss. Thus, I would affirm the trial court's dismissal as to the claims of assault and battery and intentional infliction of emotional distress.

¶20. For these reasons, I respectfully dissent.

**COBB, J., JOINS THIS DISSENT.**

1. *See, e.g.,* ***Gulden v. Crown Zellerbach Corp.***, 890 F.2d 195 (9th Cir. 1989) (Oregon); ***Quela v. Payco-General American Credits, Inc.***, 84 F. Supp. 2d 956 (N.D. Ill. 2000); ***Stapp v. Overnite Transp. Co.***, 995 F. Supp. 1207 (D. Kan. 1998); ***Yale v. Town of Allenstown***, 969 F. Supp. 798 (D.N.H. 1997); ***Goodstein v. Bombardier Capital***, 889 F. Supp. 760 (D. Vt. 1995); ***Stefanski v. R. A. Zehetner & Assocs.***, 855 F. Supp. 1030 (E.D. Wis. 1994) ***Roy ex rel. Charlot v. Bethlehem Steel Corp.***, 838 F. Supp. 312 (E.D. Tex. 1993); ***Vorvis v. Southern New England Tel. Co.***, 821 F. Supp. 851 (D.Conn. 1993); ***Coello v. Tug Mfg. Corp.***, 756 F. Supp. 1258 (W.D. Mo. 1991); ***McGreevy v. Racal-Dana Instruments, Inc.***, 690 F. Supp. 468 (E.D. Va. 1988); ***Brewer v. Monsanto Corp.***, 644 F. Supp. 1267 (M.D. Tenn. 1986); ***Koslop v. Cabot Corp.***, 631 F. Supp. 1494 (M.D. Pa. 1986); ***McSwain v. Shei***, 402 S.E.2d 890 (S.C. 1991); ***Haddock v. Multivac, Inc.***, 703 So. 2d 969 (Ala. Civ. App. 1996); ***Potts v. UAP-Ga. Ag. Chem., Inc.***, 506 S.E.2d 101 (Ga. 1998); ***Caudle v. Betts***, 512 So. 2d 389 (La. 1987); ***Beauchamp v. Dow Chemical Co.***, 398 N.W.2d 882 (Mich. 1986); ***Sitzman v. Schumaker***, 718 P.2d 657 (Mont. 1986); ***Beavers v. Johnson Controls World Servs.***, 901 P.2d 761 (N.M. Ct. App. 1995); ***Cottone v. County of Schenectady***, 512 N.Y.S.2d 771 ( N.Y. Sup. Ct. 1987); ***Regan v. Amerimark Bldg. Prods.***, 454 S.E.2d 849 (N.C. App. 1995); ***Watson v. Aluminum Extruded Shapes***, 575 N.E.2d 235 (Ohio Ct. App. 1990); ***Pursell v. Pizza Inn, Inc.*** , 786 P.2d 716 (Okla. Ct. App. 1990); ***Harris v. Martinka Coal Co.***, 499 S.E.2d 307 (W. Va. 1997).