834 So.2d 739 (2003)
Robert Davis and Teresa DAVIS, Appellants,
v.
PIONEER INC. and Vincent Oye, Appellees.
No. 2001-CA-00045-COA.
Court of Appeals of Mississippi.
January 14, 2003.
*740 John Griffin Jones, Jackson, Jay Boling, attorneys for appellants.
Clifford B. Ammons, Thomas Y. Page, Walter James Brand, Amy C. Felder, Jackson, James Howard Thigpen, attorneys for appellees.
EN BANC.

MODIFIED OPINION ON MOTION FOR REHEARING
THOMAS, J., for the court.
¶ 1. The motion for rehearing by appellee, Pioneer Inc., is denied. The original opinion issued by this court is withdrawn and this opinion substituted therefor.
¶ 2. Robert Davis and Vincent Oye were both employees of Pioneer, Inc. in October 1997. Davis was the manager of information systems and Oye was the comptroller. On October 10, 1997, Davis went into Oye's office for the purpose of discussing how to reprint a computer-generated form. The two disagreed about the matter, and the disagreement ultimately resulted in a physical assault on Davis by Oye. Davis subsequently received workers' compensation benefits for his injuries.
¶ 3. This appeal arises out of the personal injury action filed by Robert and Teresa Davis against Pioneer and Oye. Davis filed claims for assault and battery and alleged workplace intentional infliction of emotional distress. Davis's wife, Teresa, asserted a derivative claim for loss of consortium. The Lauderdale County Circuit Court granted a motion for summary judgment in favor of Pioneer and Oye finding that the Davises were barred from maintaining the tort action by virtue of the exclusivity provision of the Mississippi Workers' Compensation Act. Aggrieved, the Davises filed this appeal. We cite verbatim their issues on appeal:
A. Whether or not the Workers' Compensation Act provides the exclusive remedy for intentional torts committed by a co-employee acting in the course and scope of the employment.
B. Whether or not the Circuit Court erred in granting summary judgment on the ground that the "second prong" of Miller v. McRae's precludes recovery in a tort claim involving assault and battery.
¶ 4. Finding reversible error, we reverse and remand this case for further proceedings consistent with this opinion.

ANALYSIS OF ISSUES PRESENTED
¶ 5. This Court's standard of review regarding summary judgments is well established. We employ a de novo standard and examine all of the evidence before the lower court in the light most favorable to *741 the party against whom the motion has been made. If there is no genuine issue of material fact, then the moving party is entitled to judgment as a matter of law. Williamson ex rel. Williamson v. Keith, 786 So.2d 390, 393 (¶ 10) (Miss.2001).
¶ 6. The issues cited by the Davises have been combined for purposes of discussion and analysis. Robert Davis argues that the circuit court based its ruling that the exclusivity provision barred his suit in tort on language that was mere dicta in Miller v. McRae's, Inc., 444 So.2d 368 (Miss. 1984), and ignored the opinion's true holding on the matter which he claims is found in the following quote:
However, where an injury is caused by the willful act of an employee acting in the course and scope of his employment and in the furtherance of his employer's business, the Workmen's Compensation Act is not the exclusive remedy available to the injured party.... As previously mentioned, it was never the intention of the Workmen's Compensation Act to bar an employee from pursuing a common law remedy for an injury that is the result of a willful and malicious act.
Miller, 444 So.2d at 371.
¶ 7. Davis claims that there is nothing in the Act that would make recovery for intentional torts and compensation benefits mutually exclusive, but that, to the contrary, workers' compensation was never intended to provide immunity for a willful or intentional injury. He argues further that the fact that intentional misconduct brought about a compensable injury does not absolve the actor or the employer from individual liability if the actor was in the course and scope of his employment. Additionally, Davis argues that the public policy underlying the workers' compensation system is inconsistent with the public policy underlying recovery of compensatory and punitive damages to punish and deter intentional misconduct and employers and their agents should not be allowed to "hide behind the exclusive-of-liability provision of the Act."
¶ 8. The circuit court ruled that section 71-3-9 of the Workers' Compensation Act provides the exclusive remedy for compensable injuries sustained by an employee and bars suit by the employee against the employer. Section 71-3-9 reads as follows:
The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next-of-kin, and anyone otherwise entitled to recover damages at common law or otherwise from such employer on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or his legal representative in case death results from the injury, may elect to claim compensation under this chapter, or to maintain an action at law for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by the negligence of a fellow servant, nor that the employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee.
Miss.Code Ann. § 71-3-9 (Rev.2000).
¶ 9. The circuit court further found that the one exception to the exclusive remedy provision created by the Mississippi Supreme Court in Miller delineates two criteria that must be present in order for the exception to apply:
(1) the injury must have been caused by the willful act of the employer or another employee acting in the course of employment *742 and in the furtherance of the employer's business, and
(2) the injury must be one that is not compensable under the Act.
Miller, 444 So.2d at 371-72.
¶ 10. In September 2001, nine months after the trial court's decision in this case, the Mississippi Supreme Court decided Blailock v. O'Bannon, 795 So.2d 533 (Miss. 2001), which, in our opinion, is indistinguishable from our case. In Blailock, Wanda Blailock was working as a saleswoman at Dillard's when Shirley O'Bannon, a co-worker, grabbed her by the arm and began pulling her to an office for disciplinary action. Id. at (¶ 1). According to Blailock, this conduct constituted an intentional assault and battery and false imprisonment, causing her emotional distress. Id. As a result of this incident, Blailock sued O'Bannon and Blailock's employer, Higbee Company d/b/a Dillard's. The trial court granted O'Bannon's and the employer's motion to dismiss the complaint on the basis of the exclusivity provision of the Workers' Compensation Act.
¶ 11. On appeal, our supreme court reversed, finding that the trial court's dismissal of the complaint was reversible error because:
[p]art of the damages sought by Blailock (physical pain and suffering due to the alleged wrenching of her arm, emotional distress, loss of wages, special damages for the loss of the opportunity to compete in the Senior Olympics and punitive damages) are not compensable under the Act because they are alleged to have been caused by wilful and intentional acts, not the negligent or grossly negligent acts. The damages did not arise from an accidental injury or an accidental death. The allegations of Blailock's complaint certainly meet the two criterial set out by the Court in Griffin.[1] Blailock must prove that O'Bannon was working in the course and scope of her employment when she allegedly committed the intentional torts, that O'Bannon's alleged acts were committed with an actual intent to inflict injury, and that Blailock suffered injuries as a result, but the allegations of intentional acts certainly take Blailock's non-compensable claims out of the jurisdiction of the WCC. Of course, a claim for her injuries that are compensable under the Act are still subject to the WCC.
Blailock, 795 So.2d at (¶ 6) (citations omitted).
¶ 12. In the case sub judice, the complaint alleged that:
On or about the 10th day of October, 1997, Defendant Oye, in his office on the premises of Defendant Pioneer, Inc. wilfully assaulted and battered Plaintiff Robert Davis by lunging across his desk, grabbing the Plaintiff at his throat and slinging Plaintiff against a wall.
* * * * * *
At all times Defendant Oye was Defendant Pioneer, Inc.'s agent, servant and employee and was acting in the furtherance of the business of the Defendant Pioneer, Inc.
* * * * * *
Plaintiff Robert Davis sustained the following damages: physical pain and suffering, past present and future; permanent physical injuries; medical treatment and expenses, past, present and future; emotional pain and suffering; embarrassment, humiliation; and loss of enjoyment of life.
¶ 13. As previously observed, the trial court determined that the second prong of Miller was not met because *743 Davis's injuries are compensable under the Act. Davis has not filed a petition to controvert with the Workers' Compensation Commission. However, he has received workers' compensation medical benefits. Although the procreant source of these benefits is not entirely clear from the record, apparently, he received these benefits as a result of the employer's filing the statutory notice required by Mississippi Code Annotated section 71-3-67 (Rev. 2000). Nevertheless, in our opinion, receipt of these medical benefits does not preclude compensation for the damages that are not compensable under the Act because they are alleged to have been caused by wilful and intentional acts. The damages stemming from the assault and battery are not compensable under the Act because they stem from a wilful and intentional act, not a negligent or grossly negligent act. Blailock, 795 So.2d at (¶ 6). Of course, any claim for injuries that are compensable under the Act are still subject to the jurisdiction of the Workers' Compensation Commission. Id.
¶ 14. We reverse the judgment of the Circuit Court of Lauderdale County and remand this case for further proceedings consistent with this opinion.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY IS REVERSED AND THE CASE REMANDED FOR FURTHER PROCEEDINGS. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEES.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR. GRIFFIS, J., NOT PARTICIPATING.
NOTES
[1] Griffin v. Futorian Corp., 533 So.2d 461, 463 (Miss.1988).