CARLTON, J.,
dissenting.
¶28. I respectfully dissent from the majority’s decision in this case. The record shows that Edmonds drove to work while ill, after receiving little sleep, and most significantly, after taking pain medication. The record further reflects that Edmonds failed to wear a seatbelt or turn on his headlights. Injuries resulting from intentional or willful acts are not compen-sable, and to establish a compensable claim, Edmonds bears the burden to show that an exception to the “going and coming” rule applies. See Jesco Inc. v. Cain, 954 So.2d 537, 540 (¶ 9) (Miss.Ct.App.2007); Goodman v. Coast Materials Co., 858 So.2d 923, 925 (¶ 9) (Miss.Ct.App.2003). Because I find that Edmonds failed to meet his burden, I respectfully dissent from the majority’s opinion.
¶29. An injury is compensable if the injury constitutes an accidental injury arising out of and in the course of employment without regard to fault. See Miss.Code Ann. § 71 — 3—3(b) (Rev. 2011). However, injuries resulting from willful or intentional acts are not covered. See Goodman, 858 So.2d at 925 (¶ 9). The theory of imparted risk also bars Edmonds’s claim since, as the crash reconstructionist testified, Edmonds imparted risks into his travel by driving without turning his headlights on, while not wearing a seatbelt, and while speeding. In addition, the record reflects that Edmonds drove after receiving insufficient sleep and after taking pain medication. Driving under such conditions reflects a voluntary act by Edmonds and a willingness to incur risk outside the scope of his employment.[1]
¶ 30. Edmonds bears the burden of proof to demonstrate that his injuries arose out of and in the course of his employment and that an exception to the “going and coming” rule applies. See Stepney v. Ingalls Shipbuilding Div., Lit *1266 ton Sys., Inc., 416 So.2d 968, 966 (Miss.1982); Jesco Inc., 954 So.2d at 540 (¶ 9). In light of Edmonds’s admission that he drove after taking pain medication, after receiving insufficient sleep, and without turning on his headlights, I submit that the Commission’s findings are not supported by substantial evidence.[2]
¶ 31. “[A]n intentional act often produces an accidental injury.” John R. Bradley & Linda A. Thompson, Mississippi Workers’ Compensation Law § 8.3 (2013). “[A]n accident is an event which creates an effect which is not the natural or probable consequence of the means employed and is not intended, designed, or reasonably anticipated.” Carpet Palace Inc. v. Salehi, 26 Va.App. 357, 494 S.E.2d 870, 872 (1998) (citation omitted). “The basic and indispensable ingredient of ‘accident’ is unexpectedness.” Id. (citation omitted).
¶ 32. The record reflects that the vehicle accident and Edmonds’s injuries resulted from the natural and probable consequences of Edmonds’s intentional act of speeding while on pain medication and without wearing his seatbelt, without illuminating his headlights, and without receiving sufficient sleep. Because of the circumstances under which Edmonds chose to drive, his injuries failed to constitute an “unexpected result” or an “unexpected event.” See Bradley & Thompson, § 3.3. See also L.B. Priester & Son v. McGee, 234 Miss. 471, 477-78, 106 So.2d 394, 396-97 (1958) (“The word ‘accident’ has been held to have a generally accepted meaning as something happening without design and being unforeseen and unexpected, to the person to whom it happens.” (citation omitted)).
¶ 33. The Mississippi Workers’ Compensation Act excludes liability for injuries resulting from willful and intentional acts.[3] In the present case, the record fails to support that Edmonds met his burden of showing an accidental injury arising out of and in the course of his employment. See Miss. Code Ann. § 71-3-7 (Supp.2013). I therefore respectfully dissent from the majority’s opinion.

. See Hurdle & Son v. Holloway, 749 So.2d 342, 349 (¶ 22) (Miss.Ct.App.1999) ("A workers' compensation claim may be denied in those circumstances where an employee purposely creates some risk at the job that is unrelated to the work expected of that employee and the employee is injured in a way that is attributable to that non-job-related risk.”).

. See Hugh Dancy Co. v. Mooneyham, 68 So.3d 76, 79 (¶ 6) (Miss.Ct.App.2011) ("Absent an error of law, we must affirm the Commission's decision if there is substantial evidence to support the Commission's decision.” (citation omitted)).

. Mississippi Code Annotated section 71-3-7(4) (Supp.2013) provides that no compensation shall be payable if the use of a valid prescription medication taken contrary to the prescriber’s instruction or label was the proximate cause of the claimant’s injury.